Edward S. Conway, J
This is a proceeding pursuant to CPLR article 78 in which petitioner seeks an order declaring petitioner’s July, 1976 minimum period of imprisonment hearing decision by respondent a nullity and giving petitioner a new minimum period of imprisonment hearing, and giving petitioner meaningful written reasons for any decision made as the result of said hearing.
Respondent interposed a cross motion to dismiss the petition on objections in point of law on the ground petitioner has failed to state a cause of action or give sufficient facts upon which relief may be granted and on the further ground that the court does not have personal jurisdiction over respondent Parole Board or, alternatively, for a more definite statement as to paragraph 3 and paragraph 14 A and C of the petition. However, respondent did answer by way of a reply affidavit on the merits in response to petitioner’s affirmation, which this court will consider to be an answer.
Petitioner, having been convicted of robbery in the first degree, was sentenced on January 8, 1975 to a prison term having no minimum and a maximum of nine years. On November 5, 1975, respondent held a minimum period of *359 imprisonment hearing in Attica, New York, pursuant to subdivision 2 of section 212 of the Correction Law and determined that petitioner must serve four years of his sentence prior to parole consideration in December, 1978 by the Parole Board.
Petitioner commenced an article 78 proceeding in Supreme Court, Wyoming County, to review the legality of the determination of the Parole Board. The Honorable Julian R. Hanley ordered respondent to hold a new minimum period of imprisonment hearing and give written reasons for the minimum period decided on. Petitioner had a new minimum period of imprisonment hearing in July of 1976 and respondent again determined that petitioner’s minimum period of imprisonment should be four years and that petitioner should be held until December, 1978 board. The reason given for the determination was, “You are convicted of a serious crime, Robbery 1st Degree”. This determination was affirmed by the full Parole Board on August 16, 1976.
Petitioner contends that he is entitled to a meaningful statement of the reasons why the Board of Parole, or a member or members thereof, reached a particular determination concerning his minimum period of imprisonment.
This court must agree with this contention of the petitioner. Since the purpose of a minimum period of imprisonment hearing is to ascertain an inmate’s background, and to determine his needs in terms of correctional treatment, and to explain to him what is expected of him before considering his release on parole (see Walker v Oswald, 449 F2d 481, 484), a most meaningful part of this process must be to give the inmate meaningful reasons for any minimum period of imprisonment decision made.
The respondent relies on Cummings v Regan (45 AD2d 415) which held that no reasons need be given for denying release on parole. However, section 214 of the Correction Law was amended to add subdivision 6, to take effect on August 4, 1975, following that said decision. Subdivision 6 provides that the Parole Board shall inform a prisoner in writing of the facts and reason or reasons for such denial. Although there is a technical distinction between the release cases and the minimum period of imprisonment cases, the fixing by the Board of Parole of the minimum sentence is but one step, and a very significant one, in the process which leads to release on parole, and the rationale of the cases cited by petitioner on release on parole and the rationale of the amendment of *360 section 214 cited above, seem equally applicable to the issues here.
It is this court’s opinion that if there are no meaningful reasons why the Parole Board gives one person a different minimum sentence from another person, then in such cases, there is a violation of the constitutional right to equal protection of the law. If there are such meaningful reasons, they should be stated and given to the person sentenced. This problem falls into the very difficult area of fair, equitable and even-handed sentencing of persons convicted of the same or similar crimes under similar circumstances. The courts should do all possible to assist in bringing about equality.
The petition, in this court’s opinion, is quite definite and certain as to the relief sought. The respondent’s cross motion is denied. The petition is, in all respects, granted and the order shall contain a provision that the respondent is to give petitioner a new minimum period of imprisonment hearing and give him meaningful written reasons for any decision.